IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Aaron Wayne Pellum, #288440, | ) | C/A No.  9:05-3339-JFA-GCK |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Stan Burtt, Warden of Lieber Correctional Institution, et al., | ) ) ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

The *pro se* plaintiff is an inmate with the South Carolina Department of Corrections ("SCDC"). The plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging that the defendants have violated his rights under the Eighth and Fourteenth Amendment to the United States Constitution.

1

In his Report and Recommendation, the Magistrate Judge indicates that it is unclear whether plaintiff has exhausted his administrative remedies. The Magistrate Judge later notes in the Report that he is not convinced that defendants, asserting an affirmative defense, have proven that plaintiff failed to exhaust his administrative remedies. Due to the uncertainty on this fundamental issue of exhaustion, the undersigned will address this matter before examining the merits of the action.

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) (1996) requires a prisoner to exhaust any available administrative remedies prior to filing civil actions under 42 U.S.C. § 1983. Exhaustion is no longer left to the discretion of the district court, but is mandatory, and must be exhausted even where the relief sought cannot be granted by the administrative process. *See Woodford v. Ngo*, 126 St. Ct. 2378 (quoting *Booth v. Churner*, 532 U.S. 731, 2001); *Porter v. Nussle*, 534 U.S. 516 (2002)).

The parties were advised of their right to file objections to the Report and Recommendation, which was entered on the docket on December 1, 2006. Both the plaintiff and defendants filed objections to the Report. The defendants have also filed with their objections various supplemental affidavits in support of their motion for summary judgment.

Among other things, the defendants contend that the Magistrate Judge erred in finding that defendants did not show plaintiff failed to exhaust his grievances.[1] The defendant further suggests that the Report was erroneous to recommend a review of the substantive claims because the plaintiff has failed to exhaust his administrative remedies.

---

[1] *See Anderson v. XYZ Correctional*, 407 F.3d 674 (4th Cir. 2005) (failure to exhaust is an affirmative defense).

The plaintiff's objections address the exhaustion issue and the defendants' grievance procedure as well as the Magistrate's failure to discuss certain claims made in the complaint. Plaintiff also contends that "these acts by these three defendants were intentional, they held my grievance(s) and did not even process others to keep the const. violations from getting to the Chief Inmate Grievances Branch."

After carefully reviewing the applicable law, the record in this case, the Report and Recommendation, and the objections thereto, the undersigned finds that it is unclear whether plaintiff has fully exhausted his remedies with respect to his claims. Because the record is insufficient at this stage to determine whether plaintiff has exhausted his remedies, the court will permit limited discovery on this issue, followed by a period of time to re-file any dispositive motions.

Accordingly, the court at this time declines to adopt the Report and Recommendation until the exhaustion issue is resolved. The pending motions filed by both parties are denied without prejudice and with leave to refile after discovery is concluded. The matter shall be returned to the Magistrate Judge for further proceedings in accordance with the above findings.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

February 22, 2007
Columbia, South Carolina

3