IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Aaron Wayne Pellum, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No.: 9:05-3339-JFA-GCK |
| v. | ) | |
| | ) | |
| Stan Burtt, Warden of Lieber | ) | |
| Correctional Institution; NFN Bodison, | ) | **ORDER** |
| Associate Warden; NFN Thompson, | ) | |
| Associate Warden; NFN Nettles, Major; | ) | |
| NFN Elka, Lieutenant; G. Antley, | ) | |
| Investigator at Liber Correctional | ) | |
| Institution; NFN Nunley, Captain; NFN | ) | |
| Smith, Doctor, all sued in their | ) | |
| individual and official capacity; and L. | ) | |
| Carrington, Institutional Grievance | ) | |
| Coordinator at Lieber Correctional | ) | |
| Institution, sued in her individual and | ) | |
| official capacity. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court for review of the magistrate judge's report and recommendation dated November 6, 2007, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (D.S.C.).

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of

>scrutiny entailed by the Court's review of the Report thus depends on whether
>or not objections have been filed, in either case the Court is free, after review,
>to accept, reject, or modify any of the magistrate judge's findings or
>recommendations.

*Wallace v. Housing Auth. of the City of Columbia,* 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

I.     Background

This is a *pro se* action for damages pursuant to 42 U.S.C. § 1983 for violations of the United States Constitution and the Constitution of the State of South Carolina. On December 7, 2005, plaintiff filed this action against defendants in their individual and official capacities alleging violations of federal and state constitutional rights and seeking compensatory and punitive damages in the amount of $10,000 from each defendant. Plaintiff alleges that various constitutional violations stemming from a temporary stay in a holding cell resulting from a request for protective custody and an alleged altercation with a prison official. After various procedural hurdles, defendant filed a motion for summary judgment as to all of plaintiff's claims, and plaintiff filed a response requesting summary judgment on his claims for violation of, and conspiracy to violate, plaintiff's First Amendment rights, and opposing defendants' motion for summary judgment on the remaining claims. On December 1, 2006, the magistrate judge entered a report and recommendation on the parties' cross-motions for summary judgment.

On February 22, 2007, this court entered an order declining to adopt the report and recommendation until an alleged failure to exhaust administrative remedies issue had been

resolved. The parties were ordered to conduct limited discovery into the issue and were granted leave to refile the summary judgment motions upon completion of discovery. On April 30, 2007, the parties renewed their motions for summary judgment and included supplemental briefs on the exhaustion of remedies issue. On November 11, 2007, the magistrate judge filed an extensive report and recommendation ("report") recommending that defendants' motion for summary judgment be granted in part and denied in part, and that plaintiff's motion for summary judgment be granted in part and denied in part. On November 16, 2007, defendants filed objections to the report and argued that summary judgment should be granted in their favor as to all of plaintiff's claims.

In light of the standard set out above, after reviewing *de novo* the law and the report and recommendation of the magistrate judge, the court is of the opinion that further oral argument would not aid in the decisional process and that certain claims brought by plaintiff should proceed to trial. The court has determined that genuine issues of material fact exist as to the claims asserted against defendant Nunnally and finds that the allegation of the unprovoked assault on plaintiff and denial of medical treatment constitutes a clearly established constitutional violation. Accordingly, the court denies defendants' motion for summary judgment with respect to the § 1983 Eighth Amendment claims for excessive force and inadequate medical care against defendant Nunnally in his individual capacity. For the reasons discussed herein, plaintiff's motion for summary judgment is denied, and defendants are granted summary judgment on the remaining claims presented in plaintiff's complaint.

II.     Discussion and Analysis

    A.     Exhaustion of Administrative Remedies

As an initial matter, the court finds that plaintiff is deemed to have exhausted his administrative remedies because he has not received a timely determination for his grievances, which have been pending for over three years. *See Mattress v. Taylor*, 487 F.Supp.2d 665, 671–72 (D.S.C. 2007).

    B.     Injunctive Relief

To the extent that plaintiff seeks injunctive relief, his claims are denied as moot since he has been transferred from Lieber Correctional Institution to another correctional facility. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991).

    C.     State Law Violations

To the extent that plaintiff seeks to recover damages for violations of the constitution or criminal statutes of South Carolina, his claims are denied because § 1983 does not provide a cause of action for violations of a state's constitution or laws. *See* 42 U.S.C. § 1983. To the extent that plaintiff seeks to have criminal charges brought against defendant Nunnally, his claims are denied because the court is without jurisdiction to grant this sort of relief to plaintiff. *See Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990).

    D.     Official Capacity Claims

To the extent that plaintiff brings claims against defendants in their official capacities, his claims are denied because state officials acting in their official capacities are not

"persons" within the meaning of § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

    E.    Eighth Amendment Conditions of Confinement Claim

Defendants move for summary judgment on plaintiff's conditions of confinement claim and argue that plaintiff has failed to submit evidence of an unconstitutional violation, and even assuming that a constitutional violation may have occurred, they are nevertheless entitled to qualified immunity. In the complaint, plaintiff alleges that in response to requests for protective custody, defendants place prisoners in a temporary holding cell until completion of administrative procedures necessary to transfer a prisoner to protective custody. Plaintiff alleges that placement in the holding cell is a policy of defendants meant to "break" inmates so that they will return to the general prison population. The temporary holding cell is located in the facility's operations unit, which houses the administrative offices, and contains a wooden bench, but no running water or restroom facilities.

In the complaint, plaintiff's conditions of confinement claim is based on a five-day stay in the holding cell during the last week of December 2004. Plaintiff alleges that he was a denied a blanket and that for four of the five days he was also denied a sleeping mat. Plaintiff further alleges that the holding cell lacks proper ventilation and is subject to continuous illumination, and that he was denied access to hygiene items and was forced to use a styrofoam cup to relieve himself during the night.

To establish a claim for cruel and unusual punishment, a prisoner must make an objective showing of a sufficiently serious deprivation of a basic human need and a subjective showing that prison officials acted with a sufficiently culpable state of mind of deliberate indifference to prison conditions. *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993). However, the constitutional prohibition against cruel and unusual punishment does not require comfortable prison conditions, and "only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim." *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995). Before prison conditions can constitute cruel and unusual punishment, plaintiff must not only allege prison conditions that "could rise to the level of constitutional violations were they to produce serious deprivations of identifiable human needs," but also submit evidence that he "sustained serious or significant physical or emotional injury as a result of these conditions." *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993). However, in the "extraordinary case of a palpable deprivation of the minimal requirements of civilized existence . . . an inference of serious injury might be reasonable." *Id*. at 1382. A subjective showing of deliberate indifference requires that a prison official know of and disregard an objectively serious prison condition. *Shakka*, 71 F.3d at 166.

Although a single prison condition may not rise to the level of cruel and unusual punishment alone, a combination of certain confinement conditions that result in the specific deprivation of a basic human need may be sufficient to establish an Eighth Amendment

6

violation. *Williams v. Griffin*, 952 F.2d 820, 824 (4 th Cir. 1991) (quoting *Wilson v. Seiter*, 501 U.S. 294, 304–05 (1991)). In determining the cumulative effect of confinement conditions, it is appropriate to consider whether the purpose of confinement was punitive, as opposed to administrative or protective, in nature. *See Sweet v. S.C. Dep't of Corrections*, 529 F.2d 854, 860–61 (4th Cir. 1975). In examining condition of confinement claims, a court must decide whether a condition is imposed as punishment or is reasonably related to some other legitimate purpose, limiting its determination to the constitutional inquiry rather than an "idea of how best to operate a detention facility." *Bell v. Wolfish*, 441 U.S. 520, 539 (1979).

If a violation of a constitutional right in fact exists, qualified immunity can shield a prison official from liability unless the alleged violation was a "clearly established right of which a reasonable person would have known." *Wilson v. Kittoe*, 337 F.3d 392, 397 (4th Cir. 2003) (internal quotations omitted). "A defendant is entitled to summary judgment on grounds of qualified immunity when there is no genuine issue of material fact, and when the undisputed facts establish that the defendant is entitled to judgment as a matter of law." *Id*. Denial of qualified immunity requires not only that the particular right be clearly established in law, but also that the application of the right to the defendant's conduct be apparent. *Maciariello v. Sumner*, 973 F.2d 295, 298 (4th Cir. 1992). If a "legitimate question" exists as to whether a defendant's conduct constitutes a constitutional violation, the official is entitled to qualified immunity. *Wiley v. Doory*, 14 F.3d 993, 995 (4th Cir. 1994). However,

7

"[i]f there are genuine issues of historical fact respecting the officer's conduct or its reasonableness under the circumstances, summary judgment is not appropriate, and the issue must be reserved for trial." *Pritchett v. Alford*, 973 F.2d 307, 313 (4th Cir. 1992) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

Although defendants argue that plaintiff has failed to produce evidence of serious injury resulting from the allegedly unconstitutional prison conditions, the court finds that it cannot make a determination as to the severity of the holding cell conditions based on the evidence produced from the limited discovery that has taken place in this case. Therefore, the court construes the facts in the light most favorable to the plaintiff and finds that the alleged prison conditions could be sufficient to establish a constitutional violation. However, even assuming that a constitutional violation has occurred, the court finds that defendants are entitled to qualified immunity because the right as applied to defendants' conduct was not clearly established at the time of the alleged incident. Therefore, the court grants defendants' motion for summary judgment and dismisses plaintiff's conditions of confinement claim.

    F.    Remaining § 1983 Claims

        1.    First Amendment Violations

To the extent that plaintiff seeks to recover for violation of, or conspiracy to violate, his First Amendment rights for an alleged failure to submit his grievance forms to the appropriate authority, his claims are denied as not legally cognizable. The Fourth Circuit has

held that there is no constitutional right to participate in state grievance proceedings. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994).

### 2. Eighth Amendment

#### i. Failure to Protect

In support of a failure to protect claim, plaintiff argues that he was wrongfully denied protective custody because defendants were aware of the threat two inmates posed to plaintiff, but, nevertheless, returned plaintiff after a two-day stay in the holding cell to the same living unit with the inmates, who then proceeded to rob him of his watch and wedding ring. However, construing the facts in the light most favorable to plaintiff, the court finds that plaintiff has not established that defendants failed to protect him although they knew of a "substantial risk of serious harm" posed by other inmates. *Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997). Although defendants were probably aware of the risk of harm because they did remove plaintiff to the holding cell before and after the alleged robbery and later transferred him to protective custody, plaintiff has established neither the "deliberate indifference" nor "substantial risk of harm" required for violation of the constitutional prohibition against cruel and unusual punishment. Therefore, the court grants summary judgment in favor of defendants and dismisses plaintiff's failure to protect claim.

#### ii. Inadequate Medical Care

Defendants move for summary judgment on plaintiff's claim that he was denied medical treatment for the injury resulting from the alleged kick to his back. "To establish

9

that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental unfairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990).

The magistrate's report includes an extensive list of the documentation surrounding plaintiff's alleged injury and symptoms. Plaintiff's medical records reveal that plaintiff was monitored by nurse practitioners and that he received medical consultation from a doctor, defendant Smith. Furthermore, plaintiff has failed to show that as a result of defendant Smith's deliberate indifference, if any, plaintiff has suffered a specific injury affirmatively linked to the conduct of defendant Smith. *See Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976). Therefore, the court grants summary judgment in favor of defendant Smith on plaintiff's claim for inadequate medical care.

Furthermore, the court grants defendants' motion for summary judgment with respect to plaintiff's claim for inadequate medical care against certain non-medical defendants. The record discloses that plaintiff did receive medical care and attention, and plaintiff fails to produce evidence of an unconstitutional denial of medical care by defendants Nettles, Burtt, or Thompson that resulted in specific injury to plaintiff. Therefore, the court grants defendants' motion for summary judgment and dismisses plaintiff's claim for inadequate medical care against defendants Nettles, Burtt, and Thompson.

iii.     Civil Conspiracy

To establish a claim for civil conspiracy under § 1983, plaintiff must present evidence that defendants acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in the deprivation of plaintiff's constitutional rights. *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996). Plaintiff has a "weighty burden to establish a civil rights conspiracy." *Id*. Although he is not required to "produce direct evidence of a meeting of the minds, [plaintiff] must come forward with specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective." *Id*. The court finds that plaintiff has failed to produce evidence of a "meeting of the minds" amongst defendants to deprive plaintiff of his constitutional rights, and therefore grants summary judgment in favor of defendants and dismisses plaintiffs claims for civil conspiracy.

G.    Supervisory Liability

Supervisory officials may be liable for the constitutional violations of subordinates in certain circumstances where supervisory indifference or tacit authorization of misconduct may be a causative factor in the constitutional injuries inflicted upon a plaintiff. *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984). The plaintiff bears a heavy burden of proof and must demonstrate not only that he faces a "pervasive and unreasonable risk of harm from some specified source," but also "that the supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practices." *Id.* at 373 (internal

11

quotations omitted). The court finds that to the extent plaintiff seeks to impose supervisory liability on defendants for the alleged constitutional violations, those claims must fail because plaintiff has not shown a specific, anticipated risk of harm for which defendants in their supervisory capacities showed deliberate indifference or tacit authorization.

III.   Conclusion

For the foregoing reasons, the court adopts and incorporates by reference those portions of the report and recommendation of the magistrate judge that are consistent herewith. Plaintiff's motion for summary judgment is denied, and defendants' motion for summary judgment is granted in part and denied in part. Plaintiff's individual-capacity claims for excessive force and inadequate medical care against defendant Nunnally will proceed to trial during the June 10, 2008 term. All remaining claims against defendants are dismissed.

The parties will be seasonably notified of the date and time of the pretrial conference.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

March 19, 2008                                          Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge